*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* TROUP, Minors.

UNPUBLISHED
July 21, 2022

No. 359787
Wayne Circuit Court
Juvenile Division
LC No. 2017-002155-NA

Before: SHAPIRO, P.J., and RICK and GARRETT, JJ.

PER CURIAM.

Respondent appeals as of right the order terminating her parental rights to her twin children, HST and NMT, under MCL 712A.19b(3)(g), (i) and (j).[1] For the reasons stated in this opinion, we reverse and remand for further proceedings including preparation of a case service plan.

## I. BACKGROUND

In 2019, respondent's parental rights to a different child were involuntarily terminated. That case arose after respondent and her newly born child tested positive for marijuana and cocaine at birth. There were also concerns about respondent's mental health. That case resulted in the termination of respondent's rights to one of her children after she did not meaningfully participate in the treatment plan. Her rights to her three other children were not terminated; legal and physical custody was granted to the father and respondent received supervised parenting time.

The instant case arose in 2021 after respondent tested positive for cocaine, fentanyl and marijuana after giving birth to the twin children. The children's meconium tested positive for cocaine and marijuana. Because of respondent's prior termination, and petitioner's conclusion that respondent had not rectified the conditions leading to that termination, no reasonable efforts were made to reunify the family in this case and termination was sought at the initial disposition.

---

[1] The trial court also determined the children's father was unknown and unascertainable, and terminated his rights to the children. The father is not a party to this appeal.

See MCL 712A.19a(2)(c).[2] Because no services were offered to respondent, the evidence at the termination hearing consisted mostly of the prior case file and medical records of the positive drug tests at the twins' birth. Respondent testified that she wanted to plan for the children and requested the opportunity to participate in services. She attributed her failure to do so in the prior case to an abusive relationship she was in at that time.

The trial court determined that there was sufficient evidence to terminate respondent's parental rights under MCL 712A.19b(3)(g), (i) and (j), and that termination was in the children's best interests.

## II. ANALYSIS

Respondent argues that the trial court clearly erred by finding that statutory grounds for termination were proven by clear and convincing evidence. We agree.[3]

"To terminate parental rights, a trial court must find by clear and convincing evidence that at least one statutory ground under MCL 712A.19b(3) has been established." *In re Moss*, 301 Mich App 76, 80; 836 NW2d 182 (2013). The statutory grounds at issue in this case allow for termination under the following circumstances:

> (g) The parent, although, in the court's discretion, financially able to do so, fails to provide proper care or custody for the child and there is no reasonable expectation that the parent will be able to provide proper care and custody within a reasonable time considering the child's age.
>
> * * *
>
> (i) Parental rights to 1 or more siblings of the child have been terminated due to serious and chronic neglect or physical or sexual abuse, and the parent has failed to rectify the conditions that led to the prior termination of parental rights.

---

[2] MCL 712A.19a(2)(c) provides that reasonable reunification efforts are not required when a parent "has had rights to the child's siblings involuntary terminated and the parent has failed to rectify the conditions that led to that termination of parental rights." We see no clear error in the reliance on MCL 712A.19a(2)(c) in this case given the positive drug test at the twin's birth and respondent's testimony at the termination hearing that she was not treating for her mental health or taking her prescribed medication. However, in contrast to MCL 712A.19a(2)(c), to terminate parental rights under MCL 712A.19b(3)(i), there must be a showing that the prior termination was due to serious and chronic neglect or abuse, as will be discussed.

[3] "We review for clear error a trial court's finding of whether a statutory ground for termination has been proven by clear and convincing evidence." *In re Moss*, 301 Mich App 76, 80; 836 NW2d 182 (2013). A finding is clearly erroneous if the reviewing court is left with the firm and definite conviction that a mistake was made. *In re JK*, 468 Mich 202, 209-210; 661 NW2d 216 (2003).

(j) There is a reasonable likelihood, based on the conduct or capacity of the child's parent, that the child will be harmed if he or she is returned to the home of the parent.  [MCL 712A.19b(3).]

Regarding § 19b(3)(g), respondent testified that she was earning income by offering hair and nail services at her home.  The trial court, however, found respondent's testimony regarding her income not credible, and it made no other findings regarding her financial circumstances.  Given the court's credibility determination, there is no evidence in the record that respondent was financially able to provide for the children, as required to terminate parental rights under MCL 712A.19b(3)(g).  Accordingly, the trial court clearly erred by relying on this statutory ground.

As for § 19b(3)(i), the trial court did not explain how the prior termination was "due to serious and chronic neglect or physical or sexual abuse," a necessary condition for termination under that statutory ground.  MCL 712A.19b(3)(i).  And a review of the record does not show clear and convincing evidence in support of such a determination.  As discussed, the prior case arose after respondent and one of her children tested positive for drugs at birth.  The record indicates that respondent's four children were removed from her care shortly thereafter, and her rights to one of the children were terminated after she failed to comply with her treatment plan.  There were also concerns about untreated mental health issues, including respondent's diagnoses of depression and bipolar disorder.

Although a positive drug test at birth may warrant removal proceedings, we fail to see how it constitutes serious and chronic neglect or abuse.  See *In re Simonetta*, ___ Mich App ___, ___; ___ NW2d ___ (2022) (Docket No. 357909); slip op at 3 (holding that a mother's prenatal drug use does not constitute severe physical abuse of a child).  Nor do mental health concerns meet that standard when there is no evidence as to how the parent's mental health affected the children.  The trial court also noted that respondent had a period of four months during the prior case when she was unreachable.  Such conduct may support a finding of abandonment, but it is not evidence of neglect, which concerns a parent's treatment of a child while in the parent's care.  See *In re Webster*, 170 Mich App 100, 108-110; 427 NW2d 596 (1988).  Given the sparse record evidence, the trial court clearly erred by finding that respondent's parental rights were previously terminated due to serious and chronic neglect or abuse.

Similarly, with respect to § 19b(3)(j), the record does not contain clear and convincing evidence of a reasonable likelihood that the children would be harmed if returned to respondent's care.  We do not take lightly that the children were exposed to harmful substances as fetuses.  However, § 19b(3)(j) is forward looking, and the children are no longer at risk of being exposed to drugs in utero.  The current state of respondent's substance abuse and mental health issues, and their potential effect on the children, is speculative given that respondent has not been evaluated in connection with this case or provided an opportunity to participate in services.  The record is also devoid of evidence regarding respondent's parenting ability.  Further, respondent testified that she had recently obtained housing with the help of a friend, and she provided the trial court with her address.  While the court found respondent's testimony not credible on several matters, it did

not make that finding with respect to her housing. For these reasons, there is not a sufficient basis in the record to conclude a reasonable likelihood of future harm to the children exists.[4]

Reversed and remanded for further proceedings consistent with this opinion, including the preparation of a case service plan. We do not retain jurisdiction.

/s/ Douglas B. Shapiro
/s/ Michelle M. Rick
/s/ Kristina Robinson Garrett

---

[4] Given our ruling, we need not address respondent's argument that the trial court erred by finding that termination of her parental rights was in the children's best interests.